802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie W. STARKS, Plaintiff-Appellant,
v.
CITY OF MEMPHIS, DEPARTMENT OF PUBMC WORKS, Defendant-Appellee.
 No. 84-5889.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1986.
 
 Before ENGEL and GUY, Circuit Judges; and SUHRHEINRTCH,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff WilHe W. Starks appeal is from a judgment of the United States District Court for the Western District of Tennessee in favor of the defendant in this race discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, and under 42 U,S,C. 59 1981 and 1983. On appeal, Starks contends that the district court erred in concluding that he had not established a prima facie case of discriminatory discharge under TiUe VII. Starks further contends that he was a victim of a standardless and subjective qualification and selection procedure which had a disparate impact upon a whole class of persons in violation of Title VII and 42 U.S.c. 53 1981 and 1983. Finally, Starks claims that the defendant retaliated against him for filing charges of discrimination in violation of Title VII and 42 U.S.C. 93 1981 and 1983.
 
 
 2
 Willie Starks is a black male who began working with the City of Memphis in the PubHc Works Department in April of 1970. In 1976, Starks was terminated because he had been absent three consecutive days without notice to his supervisor; however, he was immediately reinstated to his old job the foUowing day.
 
 
 3
 On November 28, 1979, Starks missed work, apparently due to health problems, and did not return until December 18, 1978. Starks' sick leave time, however, had expired on December 12, 1978. Consequently, when he attempted to return to work on December 18, he was advised by his supervisor that he had been discharged for failure to request leave of absence after exhauqting his leave benefits. He was subsequently notified of his termination by letter and told that he would not be recommended for reinstatement becatse of poor work performance. Starks appealed this termination to the Civil Service Commission of the City of Memphis, which, as a result of a hearing on February 2, 1979, recommended that he be reinstated as an employee on leave of absence without pay. The Commission further recommended that because Starks could not go back to work in the Public Works Department, he be allowed to apply for and be placed in another City job for which he would be qualified. After the City was unable to place Starks in a position for which he was qualified, he was permanently terminated on November 1, 1979.
 
 
 4
 On May 3, 19 79, Starks filed his first charge with the EEOC, claiming race discrimination in his termination. Notice of Right to Sue was issued March 26, 1980, and received by Starks on April 2, 1980. Thereafter, a complaint was timely filed in the United States District Court for the Western District of Tennessee on July 21, 1980.
 
 
 5
 On March 13, 1980, plaintiff had also filed a charge with the EEOC claiming that defendant retaliated against him for filing prior charges of discrimination by not placing him in a new job. A Right to Sue letter was issued and received by plaintiff that same day. On August 25, 1981, the district court granted Starks' motion for leave to amend his complaint to allege that defendant had retaliated against him for filing prior discrimination charges by failing to place him in another job after his termination, A hearing was then held before Judge Julia Gibbons on August 3, 1983.
 
 
 6
 In a carefuHy considered opinion, Judge Gibbons concluded that, upon a consideration of all of the evidence, Starks had failed in his burden of proof that he had been discriminated against in his employment on account of his race and, in addition, assuming that he had established a prima facie case of discrimination, he had failed to satisfy the court that the reasons for his discharge from employment in the Public Works Department were in fact pretextual. Simaarly, Judge Gibboris held that the plaintiff had failed to establish that the City's reflisal to certify him for other employment was discriminatory; she specifically found that the City demonstrated a good-faith and substantial effort to find him suitable employment in other departments, but without success.
 
 
 7
 In short, the court is satisfied that Judge Gibbons applied the proper law applicable to cases such as this and that the findino ,s of fact are fully supported by the record and are not clearly erroneous.
 
 
 8
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation